# EXHIBIT B

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

17th STREET HOTEL, LLC D/B/A FL RENAISSANCE
HOTEL FORT LAUDERDALE,                                   CASE NO.: _____

Plaintiff,

v.

SOUTHWEST AIRLINES CO., a foreign corporation, and
JADE TSOUGAS, an individual,

Defendants.

_____/

## COMPLAINT

Plaintiff, 17th STREET HOTEL, LLC D/B/A FL RENAISSANCE HOTEL FORT LAUDERDALE, by and through undersigned counsel, sues Defendants, SOUTHWEST AIRLINES CO. ("Southwest") and JADE TSOUGAS ("Flight Attendant"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company with its principal place of business in Broward County, Florida.

2. Defendant, Southwest Airlines Co. is a foreign corporation authorized to conduct business in Florida.

3. Defendant, Jade Tsougas, is an individual who at all material times was employed by Southwest Airlines as a flight attendant and was staying at the Renaissance Hotel in Broward County, Florida, in the course and scope of her employment.

4. The damages sought exceed $50,000, exclusive of interest, costs, and attorney's fees, and are within the jurisdiction of this Court.

5. Venue is proper in Broward County, Florida, because the acts giving rise to this action occurred in this county.

## GENERAL ALLEGATIONS

6. On or about February 1, 2025, Defendant Flight Attendant was staying in a hotel room at the Renaissance Hotel, which was paid for by her employer, Southwest Airlines.

7. The hotel room was equipped with a fire sprinkler system.

Page **1** of **3**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 01/22/2026 09:56:31 AM.****

8. Further, there was a sign next to the fire sprinkler warning room occupants not to tamper with the said fire sprinkler.

9. While in the hotel room, Defendant Flight Attendant negligently interfered with the fire sprinkler.

10. As a result, the fire sprinkler was activated and discharged water, flooding the hotel room occupied by Defendant Flight Attendant and multiple other rooms in the hotel.

11. Plaintiff incurred substantial damages as a result of the sprinkler activation and subsequent flooding, including but not limited to repair costs, remediation costs, loss of use, lost profits, and related expenses.

12. Plaintiff retained an independent fire sprinkler expert who will testify that the sprinkler did not malfunction and that the cause of the discharge was tampering.

## COUNT I – NEGLIGENCE (Against Defendant Flight Attendant)\

13. Plaintiff realleges and incorporates paragraphs 1–11 as though fully set forth herein.

14. Defendant Flight Attendant owed Plaintiff a duty to use reasonable care while occupying the hotel room so as not to cause damage to the premises.

15. Defendant Flight Attendant breached this duty by negligently interfering with the fire sprinkler system.

16. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages.

## COUNT II – VICARIOUS LIABILITY / RESPONDEAT SUPERIOR (Against Defendant Southwest Airlines)

17. Plaintiff realleges and incorporates paragraphs 1–11 as though fully set forth herein.

18. At all relevant times, Defendant Flight Attendant was acting within the course and scope of her employment with Southwest Airlines, and her hotel stay was paid for and required by Southwest.

19. Under the doctrine of respondeat superior, Defendant Southwest Airlines is liable for the negligent acts of its employee committed within the course and scope of her employment.

20. As a direct and proximate result of Defendant Flight Attendant's negligence, for which Southwest is vicariously liable, Plaintiff suffered damages.

## COUNT III – DIRECT NEGLIGENCE (Against Southwest Airlines)

21. Plaintiff realleges and incorporates paragraphs 1–11 as though fully set forth herein.

22. Defendant Southwest Airlines had a duty to ensure its employees used reasonable care while staying at hotels provided and paid for by the airline.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

23. Southwest breached this duty by failing to properly instruct or supervise its flight attendant employees regarding the use of hotel rooms and fire safety systems.

24. As a direct and proximate result, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant Southwest Airlines Co. and Jade Tsougas for damages, costs, interest, attorney fees and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

*Plaintiff hereby demands a trial by jury on all issues so triable.*

DATED this 22nd day of January 2026

RESPECTFULLY SUBMITTED,

*/s/ Jason M. Manten*

**Jason M. Manten, Esq.**
**Bar No. 1022356**
**HAIR SHUNNARAH TRIAL ATTORNEYS**
2598 E. Sunrise Blvd., Ste 2104
Fort Lauderdale, FL 33304
Phone: (954) 228-2430
jmanten@hstalaw.com
acedillo@hstalaw.com
*Attorney for Plaintiff*

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>17th STREET HOTEL, LLC D/B/A FL RENAISSANCE HOTEL</u>
Plaintiff                                                    Case # _____

                                                              Judge  _____

vs.

<u>Southwest Airlines, Jade Tsougas</u>
 Defendant

---

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☒ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☒ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason Marc Manten</u>          Fla. Bar # <u>1022356</u>
        Attorney or party                     (Bar # if attorney)

<u>Jason Marc Manten</u>            <u>01/22/2026</u>
  (type or print name)              Date

- 3 -

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Filing # 241370150 E-Filed 02/10/2026 09:05:40 AM

### IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

**17th STREET HOTEL, LLC D/B/A FL RENAISSANCE
HOTEL FORT LAUDERDALE,**                         CASE NO.: CACE-26-001115

Plaintiff,

v.

**SOUTHWEST AIRLINES CO., a foreign corporation, and
JADE TSOUGAS, an individual,**

Defendants.

_____/

### SUMMONS

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled case upon the defendant JADE TSOUGAS 6059 Atlas Str Las Cruces, NM 88012, US.

The defendant is hereby required to serve written defenses to said complaint on plaintiff's attorney(s), whose address is

JASON MARC MANTEN
2598 E Sunrise Blvd Ste 2104
FT LAUDERDALE, FL 33304

within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Dated: ___FEB 12 2026___

BRENDA D. FORMAN

Clerk of the Court

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 02/10/2026 09:05:36 AM.****

By:_____

(SEAL)                              Deputy Clerk

BRENDA D. FORMAN

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Filing # 241613481 E-Filed 02/12/2026 11:18:42 AM

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

17th STREET HOTEL, LLC D/B/A FL RENAISSANCE
HOTEL FORT LAUDERDALE,                              CASE NO.: CACE-26-001115

Plaintiff,

v.

SOUTHWEST AIRLINES CO., a foreign corporation, and
JADE TSOUGAS, an individual,

Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled case upon the defendant Southwest Airlines Co. 1999 Bryan Street, Suite 900, Dallas, TX 75201, US.

The defendant is hereby required to serve written defenses to said complaint on plaintiff's attorney(s), whose address is

JASON MARC MANTEN
2598 E Sunrise Blvd Ste 2104
FT LAUDERDALE, FL 33304

within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Dated: _____ FEB 17 2026


BRENDA D. FORMAN

Clerk of the Court

By:_____

(SEAL)                                    Deputy Clerk

**BRENDA D. FORMAN**

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Filing # 242080628 E-Filed 02/19/2026 08:27:08 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| **17th Street Hotel, LLC D/B/A FL Renaissance Hotel Fort Lauderdale** | Case No.: **CACE-26-001115** |
| Plaintiff/Petitioner | |
| vs. | |
| **Southwest Airlines Co., a foreign corporation; Jade Tsougas, an individual** | AFFIDAVIT OF SERVICE OF **SUMMONS; COMPLAINT** |
| Defendant/Respondent | |

Received by **Rita Ojobor**, on the **18th day of February, 2026 at 8:08 AM** to be served upon **Southwest Airlines Co** at **1999 Bryan St Ste 900, Dallas, Dallas County, TX 75201**.
On the **18th day of February, 2026 at 1:16 PM**, I, **Rita Ojobor**, SERVED Southwest Airlines Co at **1999 Bryan St Ste 900, Dallas, Dallas County, TX 75201** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **CT Corporation System, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to CT Corporation System, Registered Agent. The individual appeared to be a blonde-haired white male contact 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs with glasses.**

Service Fee Total: **$86.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| NAME: | PSC-27982 | 02/18/2026 |
| Rita Ojobor | Server ID # | Date |

REF: **renaissance sw**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 02/19/2026 08:27:08 AM.****

Filing # 242483889 E-Filed 02/25/2026 05:32:33 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: **CACE26001115**

JUDGE:  **Frink, Keathan B (12)**

**17th STREET HOTEL, LLC**

Plaintiff(s),

vs.

**Jade Tsougas, et al**

Defendant(s).

_____/

**UNIFORM CASE MANAGEMENT ORDER**
**(CIRCUIT CIVIL GENERAL TRACK)**

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

THE DEADLINES LISTED HEREIN **MUST** BE **STRICTLY ENFORCED** UNLESS CHANGED BY COURT ORDER. STRICT COMPLIANCE MEANS NO CONTINUANCES OR EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH GOOD CAUSE, PURSUANT TO IN RE: AMEND. TO FLA. R. CIV. P., NO. SC23-0962 (December 5, 2024), FLA. R. CIV. P. 1.200, FLA. R. CIV. P. 1.460, AND FLA. R. GEN. PRAC. & JUD. ADMIN. 2.545(e).

FAILURE TO ATTEND A <u>MANDATORY</u> CASE MANAGEMENT CONFERENCE MAY RESULT IN THE COURT DISMISSING THE ACTION, ENTERING A DEFAULT, STRIKING THE PLEADINGS, LIMITING PROOF OF WITNESSES, OR ANY OTHER APPROPRIATE ACTION AGAINST THE PARTY FAILING TO ATTEND. (Fla. R. Civ. P. 1.200(j)(6)).

THIS CASE MANAGEMENT ORDER SUPERSEDES ANY PRIOR CASE MANAGEMENT ORDER ENTERED IN THIS CASE.

This case has been designated to the **GENERAL CIVIL TRACK**. The deadlines established by this Order are to ensure the case is disposed of within <u>18 months</u> from the date of service of initial process on the last defendant <u>or</u> 120 days after commencement of the action as provided in rule 1.050, whichever occurs first. Accordingly, the following procedures and deadlines shall be strictly observed by the parties and enforced by the court:

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 02/25/2026 05:32:33 AM.****

Case Number: CACE26001115

1. SCHEDULING OF A MANDATORY CASE MANAGEMENT CONFERENCE:
[ **X** ](Applicable if checked): A **MANDATORY** Case Management Conference will be held on zoom in Courtroom **Zoom: https://17thflcourts.zoom.us/j/647324402** on **06-02-2026 9:00 AM** .

During the case management conference, the Court may elect to hear any pending motion, even if the parties have not identified the motion as an issue to be resolved. Motions for summary judgment and matters requiring an evidentiary hearing may not be heard unless agreed to by the parties and the court. (Fla. R. Civ. P. 1.200(j)(2)).
**On any matters ruled upon, unless otherwise ordered, within five (5) days following the Case Management Conference, counsel for Plaintiff(s) shall prepare an order pursuant to Florida Rule of Civil Procedure 1.200(j)(5).**

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Fla. R. Civ. P. 1.070(j)).

3. NOTICE OF SERVICE OF COMPLAINT: Upon service of the complaint on the last of all named defendants in a civil action, the plaintiff will file a Notice of Service and provide a courtesy copy of the Notice of Service to the assigned trial judge. A fillable PDF form "Notice of Service" is available on the Circuit's webpage (www.17th.flcourts.org).

4. TRIAL: Trial will be set in accordance with Florida Rule of Civil Procedure 1.440. The court will issue a separate Uniform Trial Order scheduling Calendar Call and setting the Trial Period. The action no longer needs to be "at issue" prior to the case being set for trial. The failure of the pleadings to be closed will not preclude the court from setting a case for trial. (Fla. R. Civ. P. 1.440).

5. INITIAL DISCOVERY DISCLOSURES:
   A. Parties must make initial discovery disclosures required by Florida Rule of Civil Procedure 1.280 **within 60 days after the service of the complaint or joinder**, unless a different time is set by court order. Pursuant to Local Rule 10A, a party may file a motion for ex parte relief where no motion for extension of time has been filed and the nonmoving party has completely failed to comply with Florida Rule of Civil Procedure 1.280(a).

   B. A party may not seek discovery from any source before that party's initial disclosures are served on the other party, except when authorized by stipulation or by court order. (Fla. R. Civ. P. 1.280(f)(1)).

   C. As set forth in Rule 1.280(a)(1), initial discovery disclosures include:
      1. The name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
      2. A copy--or a description by category and location--of all documents,

electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

3. A computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

4. A copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

D. A party who has made a disclosure under this rule or who has responded to an interrogatory, a request for production, or a request for admission **must** supplement or correct its disclosure or response: (a) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (b) as ordered by the court. (Fla. R. Civ. P. 1.280(g)).

6. <u>NOTICE OF RELATED CASE(S) (i.e., cases involving the same parties, same subject matter or incident, or same property at issue)</u>: The Parties shall file a Notice of Related Case(s) within thirty (30) days from the date of this Order identifying any and all related cases.

7. <u>ATTORNEY/PRO SE PARTY PREPARATION</u>: Attorneys and self-represented litigants who appear at a case management conference **MUST** be prepared on the pending matters in the case, be prepared to make decisions about future progress and conduct of the case, and have authority to make representations to the court and enter into binding agreements concerning motions, issues, and scheduling. If a party is represented by more than 1 attorney, the attorney(s) present at a case management conference must be prepared with all attorneys' availability for future events. (Fla. R. Civ. P. 1.200(j)(3)).

8. <u>ATTORNEY/PRO SE PARTY CERTIFICATION AND VERIFICATION REQUIREMENTS OF USE OF AI TECHNOLOGIES</u>:

An attorney may ethically utilize AI technologies but only to the extent that the lawyer can reasonably guarantee compliance with the lawyer's ethical obligations. Attorneys must comply with Florida law and the applicable Rules Regulating the Florida Bar. (*See* Florida Bar Ethics Opinion 24-1 (Jan. 19, 2024)).

If any attorney or pro se party submits to the court any filing or submission containing AI-generated content, that attorney or pro se party must disclose the use of artificial intelligence on the face of the document **and** also must include a certification that the attorney or pro se

party has personally reviewed and verified the content's accuracy. Failure to include this certification or comply with this verification requirement will be grounds for sanctions, as permitted by law.

9. CASE MANAGEMENT DEADLINES:

   A. **DEADLINES IN THIS CASE MANAGEMENT ORDER <u>MUST</u> BE STRICTLY ENFORCED UNLESS CHANGED BY COURT ORDER FOR GOOD CAUSE SHOWN. (Fla. R. Civ. P. 1.200(e)(1)).**

   B. Notices of unavailability and/or inability to comply with the deadlines have no effect on the case management deadlines set by this order. If a party is unable to comply with a deadline, including due to the unavailability of hearing time, the party must take action consistent with Florida Rule of Civil Procedure 1.200(e)(1). (Fla. R. Civ. P. 1.200(f)-(g)).

10. CASE MANAGEMENT AND TRIAL DEADLINES:

The following deadlines apply unless otherwise modified by the Court.

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | 120 days from filing; Service under extension is only by court order. |
| 2. | Resolution of all motions/objections directed to the pleadings (i.e. to dismiss or strike) | 120 days before Calendar Call (must be set within 10 days of filing to be heard within 60 days) |
| 3. | Pleading Amendments/Adding New Parties | 120 days before Calendar Call |
| 4. | Disclosure of Fact Witnesses/Lists | 150 days before Calendar Call |
| 5. | Disclosure of Expert Witnesses/Lists | 120 days before Calendar Call |
| 6. | Completion of Compulsory Examinations | 120 days before Calendar Call |
| 7. | Disclosure of Rebuttal Witnesses/Lists | 100 days before Calendar Call |
| 8. | Completion of all Discovery (including expert discovery) | 30 days before Calendar Call (must be initiated 90 days before Calendar Call) |
| 9. | Filing of all Dispositive Motions and Motions for Summary Judgment | 90 days before Calendar Call |
| 10. | Expert Challenges and Deposition Objections | 45 days before Calendar Call (must be filed and heard) |
| 11. | Filing of all Pretrial Motions (including Motions in Limine) | 30 days before Calendar Call |

| 12. | Deposition Designations | 20 days before Calendar Call |
|---|---|---|
| 13. | Deadline for Mediation | 60 days before Calendar Call |

11. <u>WITNESS LISTS</u>:

   **A. NO LATER THAN ONE HUNDRED AND FIFTY (150) DAYS PRIOR TO CALENDAR CALL:**

   <u>Fact Witnesses</u>:
   Parties must file and serve a list of names and addresses of all fact witnesses who are expected to testify at trial. Each party's fact witness list must include a brief description of the substance and scope of the testimony to be elicited from such witness. Both sides must cooperate in the scheduling of such witness depositions.

   **B. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

   <u>Expert Witnesses</u>:

   1. At the time of disclosure of all expert witnesses, the parties shall file and serve the names and addresses of all expert witnesses to be called at trial, including their complete and updated curriculum vitae, and all information regarding expert testimony that is required by Fla. R. Civ. P. 1.280(c)(5). Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. Both parties shall cooperate in the scheduling of expert depositions.
   2. The parties shall also provide answers to standard form expert interrogatories pursuant to Fla. R. Civ. P. 1.280(c)(5). All reports or other data compiled by each disclosed expert which is intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to the opposing party at least 72 hours prior to the date of the scheduled deposition.

   **C. NO LATER THAN ONE HUNDRED (100) DAYS PRIOR TO CALENDAR CALL:**

   <u>Rebuttal Witnesses</u>:
   Parties must file and serve a list of names and addresses of any rebuttal witnesses within one hundred (100) days prior to Calendar Call.

12. <u>COMPULSORY MEDICAL EVALUATIONS ("CME")</u>:

   **A. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

   All CME and other examinations pursuant to Florida Rule of Civil Procedure 1.360 must be completed no later than one hundred and twenty (120) days prior to Calendar Call.

13. <u>DISCOVERY DEADLINES</u>:

### A. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:

All final discovery must have been <u>initiated</u> at least ninety (90) days prior to Calendar Call.

### B. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:

Parties must <u>complete</u> all discovery, including expert discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(5), at least thirty (30) days prior to Calendar Call. Discovery conducted after this time period is strongly disfavored and will only be permitted by order of the Court under exceptional circumstances.

### C. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY:

ESI discovery procedures are governed by Seventeenth Judicial Circuit Administrative Order 2021-20-Gen, a copy of which is available on the Circuit's webpage (www.17th.flcourts.org).

14. <u>MOTIONS</u>:

### A. CONFERRAL PRIOR TO FILING MOTIONS:

Before filing a non-dispositive motion, the movant **MUST** confer with the opposing party in a good-faith effort to resolve the issues raised in the motion **AND** at the end of the motion and above the signature block, the movant **MUST** include a certificate of conferral. (Fla. R. Civ. P. 1.202(a)-(b)). **The parties are expected to confer and attempt to resolve the issues raised in the motion before reserving hearing time**.

The requirements of rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel (pro se). (Fla. R. Civ. P. 1.202(c)).

### B. NO LATER THAN ONE HUNDRED AND TWENTY (120) DAYS PRIOR TO CALENDAR CALL:

1. <u>Motions to Add a Party or Parties or to Amend the Pleadings</u>: must be filed and set for hearing no later than one hundred and twenty (120) days before Calendar Call absent good cause shown. The deadline shall not conflict with Florida Rule of Civil Procedure 1.190(e), and the motion may be denied if there has been undue delay, bad faith, prejudice to the opposing side, dilatory motive on the part of the moving party or when the amendment would be futile.

2. <u>Motions/Objections Directed to the Pleadings</u>: all objections to the pleadings must be filed and set for hearing no later than one hundred and twenty (120) days before Calendar Call. **The motion/objection MUST be set within ten (10) days of filing of the motion/objection to be heard within sixty (60) days**.

**C. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:**

1. <u>Motions for Summary Judgment and other Dispositive Motions</u>: must be filed no later than ninety (90) days before Calendar Call. Motions for summary judgment will not be heard at or after Calendar Call unless approved by the court. If the Court has granted the parties' request for a hearing on the motion, but a hearing is not available prior to the deadline, the parties shall submit the fully briefed motion and opposition (if any) to the court prior to the expiration of the deadline, and the court can rule on those motions on the papers.  Failure to timely submit the paperwork to the court will deem those motions abandoned.

2. <u>Response to Motion for Summary Judgment</u>: the response and supporting factual position must be served no later than forty (40) days after service of the motion for summary judgment. (Fla. R. Civ. P. 1.510(c)(5)).

**D. NO LATER THAN FORTY-FIVE (45) DAYS PRIOR TO CALENDAR CALL:**

1. <u>Expert Challenges</u>: motions challenging an expert witness ("Expert Challenges"), must be filed and heard no later than forty-five (45) days before Calendar Call.

2. <u>Deposition Objections</u>: objections raised in depositions expected to be introduced at trial must be filed and heard no later than forty-five (45) days before Calendar Call.

**E. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**

1. <u>Motions in Limine</u>: must be filed no later than thirty (30) days prior to Calendar Call.  If the Court has granted the parties' request for a hearing on the motion, but a hearing is not available prior to the deadline, the parties shall submit the fully briefed motion and opposition (if any) to the court prior to the expiration of the deadline, and the court can rule on those motions on the papers.  Failure to timely submit the paperwork to the court will deem those motions abandoned.

2. <u>Pretrial Motions</u>: must be filed and heard no later than thirty (30) days prior to Calendar Call. All motions, other than motions in limine, not heard before Calendar Call will be deemed abandoned.

**F. NO LATER THAN TWENTY (20) DAYS PRIOR TO CALENDAR CALL:**

1. <u>Deposition Designations</u>: no later than twenty (20) days prior to Calendar Call, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony.

15. <u>JOINT PRETRIAL STIPULATION</u>:

**A. NO LATER THAN TEN (10) DAYS PRIOR TO CALENDAR CALL:**

1. The Joint Pretrial Stipulation contemplates a single document that must be filed and served, **with a courtesy copy served on the undersigned judge**, no later than ten (10) days prior to Calendar Call.
2. The Joint Pretrial Stipulation requires that all agreed matters be fully identified and any disputed matters be specifically delineated with respect to each party.

**B. THE JOINT PRETRIAL STIPULATION MUST CONTAIN THE FOLLOWING IN SEPARATELY NUMBERED PARAGRAPHS:**

1. Statement of the Facts: A concise, impartial statement of the facts of the case.
2. Stipulated Facts: A list of those facts that can be stipulated and require no proof at trial.
3. Statement of Disputed Law and Fact: A concise, impartial statement of those issues of law and fact that are to be tried.
4. Exhibit Lists: Each party must separately list all exhibits they intend to introduce into evidence. Each item must be listed by number and description on a separate schedule attached to the Joint Pretrial Stipulation. Each exhibit must be specifically described. **Generic descriptions of exhibits are subject to being stricken.** If any party objects to the introduction of any such exhibit, such objection **must be stated in the Joint Pretrial Stipulation**, setting forth the grounds with specificity. All exhibits must have been made available to all parties for examination no later than ten (10) days before Calendar Call. Parties must initial each other's exhibit lists and exhibits. **At trial, only those exhibits properly listed and initialed may be offered into evidence**.
5. Demonstrative Exhibits: all demonstrative exhibits (e.g., charts, graphs, enlargements of exhibits, etc.) intended to be used at a jury trial must be displayed to all parties at least ten (10) days before Calendar Call. **Objections to a demonstrative exhibit must be disclosed in the pretrial stipulation or will be deemed waived.**
6. Witness Lists: Parties must furnish a written list containing the names and addresses of all witnesses intended to be called at trial in alphabetical order. Such list must designate the type of witness ("expert," "rebuttal," "impeachment," or otherwise) and must be attached to the Joint Pretrial Stipulation. All fact witness lists must include a brief description of **the substance and scope of the testimony** to be elicited from such witness. All expert witness lists must **designate the expert's specialties**. If any party objects to any witness, such objection must be stated in the Joint Pretrial Stipulation, setting forth the grounds with specificity. **At trial, only those witnesses properly and timely disclosed will be permitted to testify**.
7. Jury Instructions: If the trial is a jury trial, the parties must identify all agreed upon standard instructions and all special instructions. Copies of all agreed upon jury instructions and disputed jury instructions must be attached to the Joint Pretrial Stipulation identifying the party that proposed the instruction, along with copies of supporting statutory citations and/or case law.
8. Verdict Forms: If the trial is a jury trial, the jury verdict form must be designated as "agreed to" or "disputed" and must be attached to the Joint Pretrial Stipulation.

9. <u>Peremptory Challenges</u>: If the trial is a jury trial, the number of peremptory challenges for each party must be stated and attached to the Joint Pretrial Stipulation.

10. <u>Pending Motions</u>: Parties must set forth a list of all pending motions with copies attached to the Joint Pretrial Stipulation.

11. <u>Trial Estimate</u>: Each party must provide an estimate of the number of trial days required for presenting its side of the case.

12. <u>Expert Challenges</u>: All motions challenging an expert witness must be filed and heard no later than forty-five (45) days before Calendar Call. FAILURE TO DO SO MAY CONSTITUTE A WAIVER OF ANY EXPERT RELATED EVIDENCE ISSUE(S). It is within the discretion of the Court to remove any case with pending expert issues.

16. <u>COURT POLICIES</u>:

A. Parties must do all things reasonable and necessary to assure the availability of witnesses for the entire Trial Period or to otherwise preserve witness testimony for trial as provided by the Florida Rules of Civil Procedure. *See* Fla. R. Civ. P. 1.300 & 1.460; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.545.

B. The requirements of this Order cannot be waived by stipulation **absent prior approval from the Court** pursuant to written agreement between the parties.

C. This Order may be tailored by the assigned Division Judge to conform to the particular requirements of the residential foreclosure and complex litigation divisions.

D. At trial, there will only be one (1) official record transcribed by one (1) court reporter. Plaintiff is responsible for arranging for a court reporter unless otherwise agreed to by the parties. If a conflict exists, the parties must resolve it among themselves prior to Calendar Call.

17. <u>TRIAL CONTINUANCES</u>:

A. The parties must satisfy the requirements of Rule 1.460 to change the trial period.

B. **A motion to continue is disfavored and will rarely be granted. No continuances will be granted without Court Order upon written motion setting forth good cause pursuant to In re: Amend. to Fla. R. Civ. P., No. SC23-0962 (December 5, 2024), Fla. R. Civ. P. 1.460, and Fla. R. Gen. Prac. & Jud. Admin. 2.545(e). All motions seeking a continuance must comply with Fla. R. Civ. P. 1.460 and Fla. R. Gen. Prac. & Jud. Admin. 2.545.**

C. A motion to continue trial must be in writing unless made at trial and, except for good cause shown, must be signed by the named party requesting the continuance. The motion must be filed promptly after the appearance of good cause to support such motion. Failure to properly request a continuance may be a basis for denying the motion to continue. (Fla. R. Civ. P. 1.460(b)-(c) and Fla. R. Gen. Prac. & Jud. Admin. 2.545(e)).

D. All motions for continuance, even if agreed, must state with specificity as set forth in rule 1.460(d).

E. **NO** CONTINUANCES will be granted based on the lack of due diligence in preparing for trial.

F. **NO** CONTINUANCES will be granted for reasons that should have been readily apparent to the parties when this Order was issued.

G. **NO** CONTINUANCES will be granted if expert witnesses are unavailable because testimony may be preserved by deposition.

H. **NO** CONTINUANCES will be granted for reasons relating to the failure to follow this Order.

I. If a continuance is granted based on the dilatory conduct of an attorney or named party, the court may consider imposing sanctions on the attorney, the party, or both.

18. <u>MEDIATION</u>:

A. <u>Mandatory Mediation</u>: must commence no later than sixty (60) days prior to Calendar Call. The parties must comply with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, and 1.730 as to the conduct of mediation. The parties may attend mediation through the use of communication technology (remotely) if mutually agreed upon. The Court will resolve any disagreement as to where or how mediation is to be conducted. Plaintiff's counsel is appointed lead counsel to facilitate and schedule the settlement conference with the mediator and all parties.

The Court appoints:
**WHOMEVER THE PARTIES AGREE UPON**

as Mediator, unless, within thirty (30) days of service of initial process on the last defendant or thirty (30) days from the date of this Order, whichever occurs later, the parties choose a different Mediator, and file notice of that choice and the name of the substitute mediator with the Clerk of Court. Failure to attend mediation may result in sanctions.

19. <u>SANCTIONS</u>: All parties should be familiar with Florida Rule of Civil Procedure 1.380 entitled "Failure to Make Discovery; Sanctions" and section 57.105, Florida Statutes, entitled "Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation."

FAILURE TO APPEAR, FAILURE TO FOLLOW TIME REQUIREMENTS, OR FAILURE TO FILE DOCUMENTS REQUIRED BY THIS COURT MAY RESULT IN THE DISMISSAL OF THE ACTION OR THE IMPOSITION OF SANCTIONS INCLUDING THE STRIKING OF PLEADINGS.

20. <u>SETTLEMENT NOTIFICATION</u>: Parties must immediately notify the Court in the event of settlement and submit a stipulation for an Order of Dismissal. Parties shall also cancel any

and all pending hearings as a result of the settlement.

21. <u>COMPLIANCE WITH DIVISIONAL PROCEDURES</u>: Attorneys and self-represented litigants are required to read and comply with the division's procedures located on the 17th Judicial Circuit Court's Website (<u>www.17th.flcourts.org</u>). Failure to do so may result in appropriate sanctions, as permitted by law.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida on **02-24-2026** .

**CACE26001115 02-24-2026 10:05 PM**

_____

CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

CC:
**Jason Marc Manten, Email : jmanten@hstalaw.com**

Filing # 243470955 E-Filed 03/10/2026 02:46:44 PM

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**17th STREET HOTEL, LLC D/B/A FL RENAISSANCE**
**HOTEL FORT LAUDERDALE,**                              **CASE NO.: CACE-26-001115**

Plaintiff,

v.

**SOUTHWEST AIRLINES CO., a foreign corporation, and**
**JADE TSOUGAS, an individual,**

Defendants.

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled case upon the defendant Southwest Airlines Co. 1201 Hays Street, Tallahassee, FL 32301.

The defendant is hereby required to serve written defenses to said complaint on plaintiff's attorney(s), whose address is

**JASON MARC MANTEN**
**2598 E Sunrise Blvd Ste 2104**
**FT LAUDERDALE, FL 33304**

within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Dated:      MAR 13 2026

BRENDA D. FORMAN

Clerk of the Court

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

By:_____

(SEAL)                                    Deputy Clerk

BRENDA D. FORMAN

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Filing # 243964878 E-Filed 03/17/2026 11:05:10 AM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

17th STREET HOTEL, LLC D/B/A FL
RENAISSANCE HOTEL FORT LAUDERDALE,    CASE NO.: CACE-26-001115

      Plaintiff,

v.

SOUTHWEST AIRLINES CO., a foreign corporation,
and JADE TSOUGAS, an individual,

      Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

The law firm of TORRICELLA LAW PLLC hereby notifies this Court and all interested parties of its appearance as counsel for the Defendant, SOUTHWEST AIRLINES CO., in the above-styled cause. Moreover, as required by Rule 2.516(b)(1) of the Florida Rules of Judicial Administration, the undersigned counsel hereby designates the following e-mail addresses for all communications and/or service of court documents as identified below:

      Primary Email:    Robert@TorricellaLaw.com
                      MJB@TorricellaLaw.com
      Secondary Email:  Marie@TorricellaLaw.com

TORRICELLA LAW, PLLC
*Attorneys for Southwest Airlines Co.*
8950 Southwest 74th Court, Suite 2201
Miami, Florida 33156
Telephone: (305) 677-7644

By:   */s/ Roberto A. Torricella, Jr.*
        Roberto A. Torricella, Jr.
        Florida Bar No. 907472
        Robert@TorricellaLaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2026, the foregoing was electronically filed with the Clerk of the Court via the Florida Court's e-Filing Portal and served upon all counsel of record via the e-Filing Portal.

By: ___/s/ Roberto A. Torricella, Jr.___
Roberto A. Torricella, Jr.

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY