UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-61017-WPD

17th STREET HOTEL, LLC d/b/a FL
RENAISSANCE HOTEL FORT
LAUDERDALE,

        Plaintiff

VS.

SOUTHWEST AIRLINES CO., a Foreign
corporation, and JADE TSOUGAS, an individual

        Defendants.

_____/

## ORDER TO SHOW CAUSE REGARDING
## NOTICE OF REMOVAL'S ASSERTION OF DIVERSITY JURISDICTION

THIS CAUSE is before the Court on the Court's review of Southwest Airlines Co.'s Notice of Removal in the above-styled action, filed April 8, 2026. [DE 1]. The Court has carefully considered the Notice and is otherwise fully advised in the premises.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Under § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or

value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a).  Through their Notice of Removal, Defendant alleges the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* [DE 1].

When a case is founded upon diversity jurisdiction, 28 U.S.C. § 1332, and one or more of the parties is a limited liability company, the citizenship of every member of the limited liability company must be alleged. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304 (11th Cir. 2011). Defendant alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, but Defendant fails to adequately allege the membership information for 17th Street Hotel, LLC. While the Notice of Removal sets forth allegations regarding an alleged corporate ownership structure of 17th Street Hotel, LLC, it does not set forth allegations clearly stating who each and every member 17th Street Hotel, LLC is, and the citizenship of each member. Additionally, the Notice of Removal confusingly and incorrectly alleges the laws of which state the LLCs were created under and/or the LLC's place of business, which are not relevant to determining the citizenship of an LLC. *See Mallory*, 663 F.3d at 1305.

To cure these deficiencies, it is **ORDERED and ADJUDGED** that on or before **April 17, 2026** Defendant Southwest Airlines Co. shall respond to this Order to Show Cause by listing every member of 17th Street Hotel, LLC and the citizenship of every member of each LLC.  If a member of an LLC is itself an LLC, then Defendant must likewise allege the membership of the member LLC. Failure to respond to this Order to Show Cause by this time prescribed may result in the dismissal of this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this

10th day of April, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record